| | |
|---|---|
| DENNY LESTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DISCIPLINARY HEARING OFFICER ) | |
| AND SARA REVELL, ) | |
| ) | |
| Respondents. ) | |

The matter is before the court on the motion to dismiss, or in the alternative, for summary judgment (DE #10), of respondent Sara Revell ("respondent").[1] Petitioner did not respond to respondent's motion. In this posture, the matters are ripe for adjudication, and the court grants respondent's motion.

### STATEMENT OF THE CASE

On October 3, 2011, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging the Disciplinary Hearing Officer ("DHO") at the Federal Correctional Institution at Butner ("Butner") refused to provide him with a copy of the disciplinary hearing report. Respondent filed a motion for summary judgment arguing, inter alia, that the petition should be denied because he failed to exhaust administrative remedies. Although petitioner was notified of respondent's motion, he failed to respond.

---

[1] Because the parties attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Respondent contends that petitioner's § 2241 claim should be dismissed because petitioner failed to exhaust his administrative remedies. A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

In this case, the record reflects that petitioner did not use the Federal Bureau of Prisons Administrative remedy Program to attempt to obtain a copy of the DHO's report. See Cox Decl ¶¶ 6-7. Further, petitioner has not established cause or prejudice for his failure to exhaust. See id.

Thus, petitioner's § 2241 petition is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.[2]

**CONCLUSION**

Respondent's motion for summary judgment (DE # 10) is GRANTED, and the matter is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 21st day of May, 2012.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge

---

[2] The court notes that the record reflects that petitioner received a copy of the DHO's August 4, 2011, hearing on January 18, 2012. See Brooks Decl. ¶ 6.